# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| RAY MCKNUCKLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1177-JDT-cgc |
| | ) | |
| JOHN MEHR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER GRANTING MOTION TO AMEND, DISMISSING CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 5, 2019, the Court dismissed Plaintiff Ray McKnuckles's *pro se* complaint and granted him leave to file an amended complaint. (ECF No. 6.) On December 16, 2019, McKnuckles filed a motion to amend, (ECF No. 7), which the Court construes as his amended complaint. The motion to amend is GRANTED, and the amended complaint is now before the Court for screening.

McKnuckles's amended complaint still names only Sheriff John Mehr as a Defendant. McKnuckles again lists problematic conditions at the Madison County Criminal Justice Complex (CJC): over-crowding, confinement in a cell without hot water, confinement in "a building unfit for human habitation," unsanitary conditions in food storage and food preparation areas, failure to protect inmates from violent attacks, failure to provide medical care, and confinement in segregation without recreation time. (ECF No. 7 at PageID 23-24.) He alleges that the conditions "ha[ve] been a hazard to my health" and asserts that his "Medical Records in the [CJC] will support

any and all allegations as to the decline of my Health." (*Id.* at PageID 24.) McKnuckles states that he "hold[s] Madison County Tennessee, and Sheriff John Mehr[] responsible for housing me in an unfit building and the decline in my health." (*Id.*) McKnuckles does not state what relief he seeks.

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 6 at PageID 18-19), and will not be reiterated here.

McKnuckles's amended complaint suffers from the same defects as his original complaint. He does not allege that a Madison County policy is responsible for the conditions at the CJC, does not assert a basis for holding Sheriff Mehr responsible for the conditions, and alleges only generally that he has been affected by the conditions, without providing any details whatsoever as to how his health has declined and how that decline was caused by the alleged conditions. He does not allege any action taken by any individual that has violated his rights. Therefore, for the same reasons discussed in the Court's previous order, (*id.* at PageID 19-21), McKnuckles fails to state a claim on which relief may be granted, and his amended complaint also must be dismissed.[1]

In conclusion, the Court DISMISSES this case in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by McKnuckles in this case would be taken in good faith. The good faith standard is an objective

---

[1] McKnuckles also alleges in the amended complaint that the conditions at the CJC violate the Tennessee Constitution. However, Tennessee does not recognize actions for damages for violations of the Tennessee Constitution. *See Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W. 3d 434, 444-45 (Tenn. Ct. App. 1999); *see also Siler v. Scott*, No. E2017-01112-COA-R3-CV, 2019 WL 2306932, at *11 (Tenn. Ct. App. May 30, 2019).

one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if McKnuckles nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, McKnuckles is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by McKnuckles, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE